UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

VIRGINIA AVEDISIAN ,

        Plaintiffs,                            CASE NO.:

vs.

EL CAMINO WPB LLC,
a Foreign Limited Liability Company,
d/b/a EL CAMINO
Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, VIRGINIA AVEDISIAN, (hereinafter "AVEDISIAN"), by and through her undersigned Counsel, and sues the Defendant, EL CAMINO WPB LLC, a Foreign Limited Liability Company, d/b/a EL CAMINO (hereinafter "EL CAMINO"), alleging the following:

## JURISDICTION AND VENUE

1. This is a civil action alleging violations of the Fair Labor Standards Act, with damages that exceed Fifteen Thousand Dollars ($15,000.00).

2. This Court is vested with federal question jurisdiction over Plaintiff's claims arising under the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 201 et seq., pursuant to 28 U.S.C § 1311 and 29 U.S.C. § 216(b).

3. Venue lies within the Southern District of Florida, West Palm Beach Division, pursuant to 28 U.S.C §1391(b), because all actions giving rise to this claim arose in this Judicial Circuit.

4. All statutory and administrative prerequisites have been met, waived, or abandoned prior to the filing of this action.

## PARTIES

5. At all times material hereto and currently, EL CAMINO was/is duly authorized and licensed to do business in Palm Beach County, Florida, with its physical location at 700 S. Rosemary Ave., Suite 232, West Palm Beach, FL 33401.

6. At all times material hereto and currently, EL CAMINO operated and continues to operate a brand of restaurants serving authentic Mexican cuisine with lunch, dinner, and nightlife offerings in Downtown West Palm Beach and in other locations throughout South Florida, including Delray Beach, Boca Raton, and Fort Lauderdale.

7. In the course and scope of its business, EL CAMINO employed at least two (2) employees within the meaning of the FLSA.

8. In the course and scope of its business, EL CAMINO had/has many employees who regularly handled, sold, and otherwise worked on goods and materials that were moved in and/or produced for commerce by any person.

9. In the course and scope of its business, EL CAMINO engaged in and continues to engage in interstate commerce within the meaning of the FLSA.

10. EL CAMINO had/has annual gross sales and/or business volume of $500,000 or more.

11. At all times material hereto, EL CAMINO was an "enterprise" as defined by the FLSA. 29 U.S.C. §§ 203(r)(1), (s)(1).

12. At all times material hereto, AVEDISIAN was, and is, a resident of Palm Beach County, Florida, and was an "employee" of Palm Beach County-based EL CAMINO as defined by the FLSA. 29 U.S.C. § 203(e)(1).

13. At all times material hereto, AVEDISIAN was a "tipped employee" engaged in an occupation that customarily and regularly received more than $30 a month in tips, as defined by the FLSA. 29 U.S.C. § 203(t).

14. EL CAMINO controlled AVEDISIAN's duties, hours worked, and compensation. Accordingly, EL CAMINO was AVEDISIAN's "employer" as defined by the FLSA. 29 U.S.C. § 203(d).

15. As part of her duties as an employee of EL CAMINO, AVEDISIAN was not responsible for managing or supervising the work of other employees; and she did not have the authority to hire or fire employees.

16. As part of her duties as an employee of EL CAMINO, AVEDISIAN was not responsible for the general business operations of EL CAMINO.

## GENERAL ALLEGATIONS

17. Plaintiff, VIRGINIA AVEDISIAN, was employed as a full-time server at EL CAMINO from June 18, 2022 through her termination on or about August 10, 2022.

18. Throughout her employment with EL CAMINO, AVEDISIAN exhibited exemplary job performance and performed all job duties and obligations required of her as a server.

19. In 2022, the federal minimum wage was set at $7.25 per hour.

20. In 2022, the Florida minimum wage was set at $11.00 per hour.

21. During her employment at EL CAMINO, Plaintiff was paid at a rate of $6.98 per hour with the expectation of tips.

22. During her employment at EL CAMINO, AVEDISIAN was made aware that all tips were required to be handed over to management, and management would split the tips at their discretion.

23. During her employment at EL CAMINO, AVEDISIAN was made aware that if she kept any cash given to her by customers, she would be terminated.

24. When tips were collected, Plaintiff was required to give management 5% of tips collected every night.

25. Management-level employees did not perform tipped-work.

26. When tips were collected by credit card, Plaintiff's tips were reduced in the form of a tip processing fee.

27. Beginning in August 2022, the percentage of tips that had to be turned over to management raised to 6% in order to pay for a newly created drink garnishing position. The processing fee remained in place.

28. Defendant failed to provide Plaintiff with the tips she earned.

29. Throughout her employment with EL CAMINO, AVEDISIAN complained to EL CAMINO management about improper tip deductions.

30. On August 5, 2022, at a meeting with the management team, AVEDISIAN complained that she was not being paid properly for the tips she earned.

31. On August 10, 2022, AVEDISIAN was terminated from her position at EL CAMINO.

32. EL CAMINO failed to pay AVEDISIAN her full and proper minimum wages for hours worked during her employment.

33. EL CAMINO has knowingly and willfully refused to pay AVEDISIAN her legally entitled wages.

34. AVEDISIAN has retained the services of the undersigned Counsel and is obligated to pay for the legal services provided.

### COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA")
*(as to regular hours)*

35. Plaintiff, VIRGINIA AVEDISIAN, realleges and incorporates the allegations in paragraphs 1 through 34 above as if fully set forth herein.

36. Under the Fair Labor Standards Act, "every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than - . . . $7.25 an hour." 29 U.S.C. § 206(a)(1)(C).

37. "Any employer who violates the provisions of Section 206 [of the Fair Labor Standards Act] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

38. "In determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to – (i) the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on August 20, 1996; and (ii) an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in clause (i) and the wage in effect under section 206(a)(1) of this title." 29 U.S.C. § 203(m)(2)(A).

39. Employers of tipped employees may consider tips as part of the tipped employees wages, but employers must pay a direct reduced minimum wage if they claim a "tip credit." *Ash v. Sambodromo, LLC*, 676 F. Supp. 2d 1360, 1366 (S.D. Fla. 2009).

40. "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." 29 U.S.C. § 203(m)(2)(B).

41. During AVEDISIAN's employment with EL CAMINO, she was required to share a percentage of her tips with non-tipped employees who were performing non-tipped work.

42. During AVEDISIAN's employment with EL CAMINO, she had her tips reduced by Defendant in the form of improper credit card transaction fees.

43. EL CAMINO is not entitled to claim a tip credit.

44. During AVEDISIAN's employment with EL CAMINO, she worked her regularly scheduled hours but was not properly paid for those hours.

45. AVEDISIAN is owed for working an average of forty (40) hours of regular hours during the time period from June 28, 2022 to August 9, 2022 for EL CAMINO.

46. The total amount due and owing to AVEDISIAN, less the improper rate she was paid for regular hours, is **$1,009.80**, which is subject to change as AVEDISIAN engages in the discovery process, plus liquidated damages. A breakdown of this amount is included in *Exhibit A*.

47. EL CAMINO's failure to pay AVEDISIAN her proper rate of compensation for regular hours worked from June 28, 2022 to August 9, 2022 is in direct violation of the FLSA, in particular 29 U.S.C. § 206.

48. EL CAMINO's actions as alleged in this complaint have been willful and intentional.

49. EL CAMINO has not made a good faith effort to comply with the FLSA with respect to the compensation of AVEDISIAN.

50. AVEDISIAN brings forth this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and alleges that she is entitled to the following: (a) unpaid wages as listed above, and (b) liquidated damages.

51. AVEDISIAN seeks recovery of damages as referenced above and further seeks interest, costs, and attorney's fees pursuant to 29 U.S.C. §216(b).

## COUNT II – VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA")
*(as to overtime hours)*

52. Plaintiff, VIRGINIA AVEDISIAN, realleges and incorporates the allegations in paragraphs 1 through 34 above as if fully set forth herein.

53. Under the Fair Labor Standards Act, "no employer shall employ any of its employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which she is employed." 29 U.S.C. § 207(a)(1).

54. "Any employer who violates the provisions of Section 207 [of the Fair Labor Standards Act] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

55. At all relevant times, EL CAMINO employed AVEDISIAN within the meaning of the FLSA.

56. EL CAMINO is not entitled to claim a tip credit.

57. During AVEDISIAN's employment with EL CAMINO, and at all times relevant to this action, AVEDISIAN regularly worked overtime hours but was not paid time and one-half compensation for each additional hour she worked in excess of forty (40) hours per week.

58. Specifically, AVEDISIAN is owed for working at least 58 hours of overtime for EL CAMINO.

59. The total amount due and owing to AVEDISIAN, less the improper rate she was paid for overtime hours, is **$172.14**, which is subject to change as AVEDISIAN engages in the discovery process, plus liquidated damages. A breakdown of this amount is included in ***Exhibit A*** as well.

60. EL CAMINO's failure to properly pay AVEDISIAN her proper rate of compensation for overtime hours worked from June 28, 2022 to August 9, 2022 is in direct violation of the FLSA, in particular 29 U.S.C. § 207.

61. EL CAMINO's actions as alleged in this complaint have been willful and intentional.

62. EL CAMINO has not made a good faith effort to comply with the FLSA with respect to the compensation of AVEDISIAN.

63. AVEDISIAN brings forth this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and alleges that she is entitled to the following: (a) unpaid overtime as listed above, and (b) liquidated damages.

64. AVEDISIAN seeks recovery of damages as referenced above and further seeks interest, costs, and attorney's fees pursuant to 29 U.S.C. §216(b).

## COUNT III – RETALIATORY DISCHARGE UNDER THE FLSA

65. Plaintiff, VIRGINIA AVEDISIAN, realleges and incorporates the allegations in paragraphs 1 through 34 above as if fully set forth herein.

66. Under the Fair Labor Standards Act, "it shall be unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter." 29 U.S.C. § 215(a)(3).

67. Throughout her employment with EL CAMINO, AVEDISIAN complained of her improper pay to EL CAMINO management.

68. On August 5, 2022, AVEDISIAN addressed the improper pay with the Head Chef/Owner, Vice President of Operations, and the General Manager at a private meeting.

69. At the August 5th meeting, EL CAMINO management responded negatively and accused AVEDISIAN of creating a "union mentality" amongst the staff.

70. On August 7, 2022, AVEDISIAN's work hours were cut significantly – from working 40 hours per week during the dinner shifts to merely working two lunch shifts and one dinner shift per week.

71. AVEDISIAN asked the General Manager why her hours were being cut, and he stated that every employee's hours were being cut to "save workforce costs."

72. Upon information and belief, no other employee's hours were cut except for AVEDISIAN's.

73. On August 10, 2022, the General Manager called AVEDISIAN and terminated her from her position effective immediately.

74. Shortly after AVEDISIAN complained to EL CAMINO management about improper tip deductions and her improper pay, EL CAMINO retaliated against her by terminating her for a pretextual reason or for no reason at all.

75. EL CAMINO's decision to terminate AVEDISIAN from her position just two (2) days after she complained of her improper pay is in direct violation of the FLSA, in particular 29 U.S.C. § 215.

76. EL CAMINO's actions as alleged in this complaint have been willful and intentional.

77. EL CAMINO has not made a good faith effort to comply with the FLSA with respect to the compensation of AVEDISIAN.

78. AVEDISIAN seeks recovery of damages as referenced above and further seeks interest, costs, and attorney's fees pursuant to 29 U.S.C. §216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, VIRGINIA AVEDISIAN, demands judgment against Defendant, EL CAMINO WPB LLC, a Foreign Limited Liability Company, and requests the following relief:

(a) A judgment in favor of AVEDISIAN for EL CAMINO's violations of the FLSA;

(b) An order requiring EL CAMINO to compensate AVEDISIAN for unpaid wages in the amount of **$1,009.80**, for unpaid overtime wages in the amount of **$172.14** and for liquidated damages in the amount of an additional **$1,181.94** under the FLSA;

(c) An award to AVEDISIAN for all costs and reasonable attorneys' fees incurred in connection with this action;

(d) An award to AVEDISIAN for prejudgment interest on all monetary recovery obtained;

(e) An injunction permanently enjoining EL CAMINO, its officers, agents, employees, assigns and all persons in active concert of participation with them, from engaging in any employment practices that violate the FLSA; and

(f) Any such additional or alternative relief which this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, VIRGINIA AVEDISIAN, demands a trial by jury on all issues so triable.

Dated February 15, 2023.

        Respectfully submitted,

        **Sconzo Law Office, P.A.**
        3825 PGA Boulevard, Suite 207
        Palm Beach Gardens, FL 33410
        Telephone: (561) 729-0940
        Facsimile: (561) 491-9459

        By: **/s/ Gregory S. Sconzo**
        GREGORY S. SCONZO, ESQUIRE
        Florida Bar No.: 0105553
        SAMANTHA L. SIMPSON, ESQ.
        Florida Bar No.: 1010423
        **Primary Email:** greg@sconzolawoffice.com
        **Primary Email**: samantha@sconzolawoffice.com
        **Secondary Email**: alexa@sconzolawoffice.com